FORM 104 (10/06)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** Georgia Department of Revenue | **DEFENDANTS** Joy R. Webster. Federal Deposit Insurance Corporation |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Oscar B. Fear, III, 40 Capitol Square, SW Atlanta, GA 30334 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor ☑ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor ☐ Other <br> ☑ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

This adversary proceeding constitutes a core proceeding under 28 U.S.C. Section 157(b)(2).

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – reinstatement of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☑ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br>Security Bank Corporation || BANKRUPTCY CASE NO.<br>09-52409 |
| DISTRICT IN WHICH CASE IS PENDING<br>Middle District | DIVISIONAL OFFICE<br>Macon | NAME OF JUDGE<br>John T. Laney, III |

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ signature* ||
|---|---|
| DATE<br>12-16-09 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Oscar B. Fears, III |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| | * | CHAPTER 7 |
| SECURITY BANK CORPORATION, | * | |
| | * | |
| Debtor, | * | |
| | * | CASE NO.: 09-52409-JTL |
| _____ | * | |
| | * | |
| GEORGIA DEPARTMENT OF REVENUE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Adv. No. _____ |
| JOY R. WEBSTER, CHAPTER 7 TRUSTEE | * | |
| FOR SECURITY BANK CORPORATION and | * | |
| FEDERAL DEPOSIT INSURANCE | * | |
| CORPORATION, | * | |
| | * | |
| Defendants. | * | |
| _____ | * | |

**COMPLAINT FOR INTERPLEADER**

COMES NOW, the Georgia Department of Revenue, by and through counsel, Thurbert E. Baker, Attorney General for the State of Georgia, and, pursuant to Rules 7022 and 7067 of the Federal Rules of Bankruptcy Procedure, files this Complaint for Interpleader as follows:

1.

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.

2.

This adversary proceeding constitutes a core proceeding under 28 U.S.C. § 157(b)(2).

3.

Venue is appropriate in this Court.

4.

Plaintiff Georgia Department of Revenue ("Revenue") is an agency of the State of Georgia that is responsible for administering the State's revenue code.

5.

Defendant Federal Deposit Insurance Corporation ("FDIC") is an independent federal agency, which, among other things, insurers the deposits of member banks and acts as receiver of member banks when they fail.

6.

On July 31, 2009, Security Bank Corporation ("Security") filed a Chapter 7 bankruptcy case ("Bankruptcy Case").

7.

Defendant Joy R. Webster ("Trustee") was appointed the Chapter 7 Trustee and remains the duly appointed and acting Chapter 7 Trustee in the Bankruptcy Case.

8.

Security is the sole shareholder of six state chartered financial institutions – Security Bank of Bibb County, Security Bank of Jones County, Security Bank of Houston County, Security Bank of Gwinnett County, Security Bank of North Fulton, and Security Bank of North Metro ("Banks").

9.

The Georgia Department of Banking and Finance took possession of the Banks on July 24, 2009.

10.

The FDIC was appointed receiver of the Banks on July 24, 2009.

11.

On or about June 12, 2009, Security filed a 2008 consolidated Georgia income tax return with the Banks in which it asserted a refund in the amount of $901,085.00.

12.

Revenue has reviewed Security's 2008 consolidated Georgia income tax return and determined that the refund claim in the amount of $901,085.00 is proper.

13.

The FDIC has asserted that since the refund in the amount of $901,085.00 is attributable to the operations of the failed Banks, the refund should be remitted to the FDIC.

14.

The Trustee has asserted that the refund in the amount of $901,085.00 is property of the bankruptcy estate and, therefore, the refund should be remitted to the Trustee.

15.

Because the two Defendants have asserted a claim to ownership of the refund, Revenue is in possession of funds to which competing claims have been asserted, exposing Revenue to double or multiple liability. By reason of the conflicting claims, Revenue is in great doubt as to which Defendant is entitled to the refund in the amount of $901,085.00.

16.

Accordingly, Revenue is entitled to interplead $901,085.00 so the Court can determine whether the Trustee or FDIC is entitled to the refund.

17.

Upon leave of Court (as required by Fed. R. Bank. P. 7067), Revenue will deposit $901,085.00, the amount of the refund, net of its costs and disbursements, including legal fees

and expenses, with respect to this action, into an interest-bearing account within the Registry of the Court pursuant to Fed. R. Bank. P. 7067.

WHEREFORE, the Georgia Department of Revenue respectfully prays:

(1) that the Court enter an order to authorize the Clerk to accept the refund in the amount of $901,085.00into the Registry of the Court;

(2) that upon payment of the refund into the Registry of the Court, the Court order that Revenue shall be forever discharged from liability to the Trustee and the FDIC related to the disputed refund;

(3) that the Court declare the rights of the named Defendants with respect to the refund;

(4) that the Court award Revenue its costs and disbursements, including legal fees and expenses, with respect to this action; and

(5) that the Court grant such other and further relief as it deems just and proper.

This 16th day of December, 2009.

    Respectfully submitted,

    THURBERT E. BAKER    033887
    Attorney General

    R.O. LERER    446962
    Deputy Attorney General

    /s/ W. Wright Banks, Jr._____
    W. WRIGHT BANKS, JR.    036156
    Senior Assistant Attorney General

    /s/ Oscar B. Fears, III_____
    OSCAR B. FEARS, III    257020
    Senior Assistant Attorney General

PLEASE ADDRESS ALL
COMMUNICATIONS TO:

OSCAR B. FEARS, III
Senior Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone: (404) 656-3303